# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

United States of America
v.
Eddie Cane McGee

Case No: 3:21-cr-54
USM No: 70387-509

Date of Original Judgment: 8/11/2022
Date of Previous Amended Judgment:

Jonathan A. Moffatt
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment of _____ months **is reduced to** _____.

Please see the attached analysis.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 8/12/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

KATHERINE A. CRYTZER, United States District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:21-CR-54-KAC-JEM |
| EDDIE CANE MCGEE, | ) ) ) | |
| Defendant. | ) | |

## **ANALYSIS**

Before the Court is Defendant Eddie Cane McGee's "Amended Motion for Sentence Reduction Under Guideline Amendment 821, Part A" [Doc. 47]. On August 11, 2022, the Court sentenced Defendant to fifty-seven (57) months' imprisonment for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) [Doc. 40 at 1-2]. On March 25, 2024, Defendant filed the instant Motion [Doc. 47], asking the Court to reduce his term of imprisonment to forty-six (46) months under 18 U.S.C. § 3582(c)(2). On May 4, the United States responded in opposition [Doc. 49], asserting that "no reduction is warranted in this case due to [Defendant's] post-sentence conduct" [*See* Doc. 49 at 1]. On July 10, the United States filed a "Supplemental Response" [Doc. 50], addressing Defendant's "additional disciplinary conduct" [*See* Docs. 50 at 1; 50-1]. On July 11, Defendant also filed a supplement [Doc. 51], addressing his disciplinary conduct.

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(2) provides that if "a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," then "the Court may reduce the term of

2

imprisonment, after considering" the relevant 18 U.S.C. § 3553(a) factors and the "applicable [Sentencing Commission] policy statements." 18 U.S.C. § 3582(c)(2). However, the "decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010).

In 2023, the Sentencing Commission promulgated Amendment 821 to the United States Sentencing Guidelines and voted to apply Parts A and B of Amendment 821 retroactively. *See* U.S.S.G. § 1B1.10(d). Under the relevant Sentencing Commission policy statement, to determine if a reduced sentence is warranted, the Court must first "determine the amended guideline range that would have applied to the defendant" if Amendment 821 "had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). The Court must initially "leave all other guideline applications unaffected." *Id.*

As is relevant here, Amendment 821 amended Section 4A1.1 of the Guidelines:

Section 4A1.1 is amended—
by striking subsection (d) as follows:
"(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.";
by redesignating subsection (e) as subsection (d);
and by inserting at the end the following new subsection (e):
"(e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.".

U.S. Sent'g Comm'n, Amendment 821 (2023).

Here, Defendant is eligible for a reduction under Section 4A1.1(e). When initially sentenced, Defendant had a subtotal criminal history score of six (6) [Doc. 19 ¶ 38, *sealed]. The then-existing text of Section 4A1.1(d) required that two (2) points be added to that subtotal because he committed the offense while under a criminal justice

3

sentence [*Id.* ¶ 39, *sealed*]. This resulted in a criminal history category of four (IV). Based on a total offense level of twenty-one (21) and a criminal history category of four (IV), Defendant's previous advisory guideline imprisonment range was fifty-seven (57) to seventy-one (71) months [*Id.* ¶ 74, *sealed*]. Under Amendment 821 and the current text of Section 4A1.1(e), Defendant would not receive the additional two (2) criminal history points for committing the offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e). Therefore, his criminal history score would be six (6), resulting in a criminal history category of three (III) and an amended guideline range of forty-six (46) to fifty-seven (57) months' imprisonment [*See* Doc. 47 at 4].

The relevant Section 3553(a) factors, however, do not support a reduction of Defendant's term of imprisonment. To date, Defendant has participated in "74 credit hours of educational classes" including a drug education course [*See id.*; Doc. 47-1]. *See* 18 U.S.C. § 3553(a)(1)-(2). But Defendant has earned four (4) infractions while in the Bureau of Prisons ("BOP"): two for being absent from assignment, one for giving or accepting money without authority, and, most recently, one for drug use [*See* Docs. 49; 50; 51]. *See* 18 U.S.C. § 3553(a)(1). The BOP divides those acts that are prohibited in its facilities into "four separate categories based on severity: Greatest; High; Moderate; and Low." *See* 28 C.F.R. § 541.3(a) (2024). Defendant's drug use was a "Greatest" severity infraction, for which he received the one of the highest possible sanctions, while his other three infractions were "Moderate" severity infractions [*See* Docs. 50-1; 51 at 1]. Defendant has also refused to participate in the court-recommended drug treatment program which he previously stated he "would like to participate in," and his progress toward obtaining a GED has been "unsatisfactory" [Docs. 47-1; 47-2; 19 ¶ 69, *sealed*]. Defendant's pattern of misconduct in prison concerns the Court. *See* 18 U.S.C. § 3553(a)(2). As does his

4

failure to take advantage of programs to improve his circumstances. And it demonstrates that the current, unmodified term of imprisonment is necessary to provide deterrence and protect the public from any further crimes of the Defendant. *See* 18 U.S.C. § 3553(a)(2)(B), (C). The applicable 3553(a) factors, therefore, do not support a reduction.